IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| **TRAVIS POND,** individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>**COMCAST CABLE COMMUNICATIONS LLC,** a Delaware registered company,<br><br>*Defendant.* | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

## CLASS ACTION COMPLAINT

Plaintiff Travis Pond ("Plaintiff Pond" or "Pond") brings this Class Action Complaint and Demand for Jury Trial against Defendant Comcast Cable Communications LLC ("Defendant" or "Xfinity") to stop the Defendant from violating the Telephone Consumer Protection Act ("TCPA") by placing pre-recorded calls without consent. Plaintiff also seeks injunctive and monetary relief for all persons injured by Defendant's conduct. Plaintiff Pond, for this Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

### PARTIES

1. Plaintiff Travis Pond is a resident of Roswell, Georgia.

1

2. Defendant Xfinity is a Delaware registered company headquartered in Philadelphia, Pennsylvania. Defendant Xfinity conducts business throughout this District and throughout the US including in Georgia.

## JURISDICTION AND VENUE

3. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

4. This Court has personal jurisdiction over the Defendant because the Defendant does business in this District and makes calls into this District to customers with Georgia phone numbers.

5. Venue is proper in this District under 28 U.S.C. § 1391(b) because the Defendant does business in this District and because Plaintiff resides in this District, and the wrongful conduct giving rise to this case was directed by Defendant into this District.

## INTRODUCTION

6. As the Supreme Court has explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been

2

fighting back." *Barr v. Am. Ass'n of Political Consultants,* No. 19-631, 2020 U.S. LEXIS 3544, at *5 (U.S. July 6, 2020).

7. When Congress enacted the TCPA in 1991, it found that telemarketers called more than 18 million Americans every day. 105 Stat. 2394 at § 2(3).

8. By 2003, due to more powerful autodialing technology, telemarketers were calling 104 million Americans every day. In re Rules and Regulations Implementing the TCPA of 1991, 18 FCC Rcd. 14014, ¶¶ 2, 8 (2003).

9. The problems Congress identified when it enacted the TCPA have only grown exponentially in recent years.

10. According to online robocall tracking service "YouMail," 4.1 billion robocalls were placed in June 2024 alone, at a rate of 137.6 million per day. www.robocallindex.com (last visited July 28, 2024).

11. The FCC also has received an increasing number of complaints about unwanted calls. FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data.

12. "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting off Robocalls* (July 22, 2016), statement of FCC chairman.[1]

---

[1] https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls

3

13. "The FTC receives more complains about unwanted calls than all other complaints combined." Staff of the Federal Trade Commission's Bureau of Consumer Protection, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016).[2]

## COMMON ALLEGATIONS

14. Defendant Xfinity markets consumer cable television, internet, telephone and wireless services.

15. Xfinity places debt collection calls to consumers throughout the U.S.

16. Defendant Xfinity places pre-recorded calls to consumers as part of its debt collection practice.

17. Unfortunately, Xfinity places pre-recorded debt collection calls to consumers like the Plaintiff who have never done business with Xfinity.

18. According to Robokiller.com, Xfinity has placed nearly 2 million calls alone using phone number 888-934-6489, the same number it used to call the Plaintiff:

---

[2] https://www.ftc.gov/system/files/documents/advocacy_documents/comment-staff-ftc-bureau-consumer-protection-federal-communications-commission-rules-regulations/160616robocallscomment.pdf

4



3

19. Consumers have posted reports online about unwanted calls they received from Xfinity from 888-934-6489 including:

- "I have never had Comcast Xfinity and have gotten these messages on my cell phone....so for me, its spam"[4]
- "Why are you calling me."[5]
- "Harassment"[6]
- "I don't have comcast"[7]
- "I don't have a appointment with Comcast so why keep calling me? FAKE!!"[8]

---

[3] https://lookup.robokiller.com/p/888-934-6489
[4] Id.
[5] Id.
[6] Id.
[7] https://lookup.robokiller.com/p/888-934-6489
[8] Id.

5

20. In response to these calls, Plaintiff Pond brings this case seeking injunctive relief requiring the Defendant to cease from violating the TCPA, and an award of statutory damages to the members of the Class and costs.

## PLAINTIFF POND'S ALLEGATIONS

21. Plaintiff Pond is the sole owner and user of his cell phone number ending in 0000.

22. In late 2023, Plaintiff began receiving pre-recorded calls from Xfinity.

23. When Plaintiff answered these calls, he heard a prerecorded message stating that approximately $300 was owed on 2 accounts. The message notified the recipient to call back the number to make the payment.

24. For example, Plaintiff heard this same prerecorded message when he answered a call from 888-266-2278 on December 27, 2023 at 9:53 AM.

25. This phone number 888-266-2278 is owned/operated by Xfinity.[9] [10]

26. Plaintiff could tell that the calls were prerecorded because the voice sounded robotic and included notification message without any chance to speak to a human, and because he heard the same exact prerecorded message on multiple calls.

27. Plaintiff Pond has never done business with Xfinity.

---

[9] https://www.reviews.org/tv-service/comcast-xfinity-customer-service/
[10] https://www.bbb.org/us/mi/bloomfield-hills/profile/cable-tv/comcast-inc-0332-90036852

28. Plaintiff Pond called Xfinity back in early January of 2024 to find out why he was receiving the calls.

29. The Xfinity employees that Plaintiff Pond spoke to were unable to associate his name, phone number or address to any Xfinity accounts.

30. Despite his requests for the calls to stop, Plaintiff Pond continued receiving unwanted calls from Xfinity.

31. Plaintiff Pond did not provide consent to receive pre-recorded calls from Xfinity.

32. The unauthorized telephone calls that Plaintiff received from Defendant have harmed Plaintiff Pond in the form of annoyance, nuisance, and invasion of privacy, occupied his phone memory, and disturbed the use and enjoyment of his phone.

33. Seeking redress for these injuries, Plaintiff Pond, on behalf of himself and a Class of similarly situated individuals, brings suit under the TCPA.

## CLASS ALLEGATIONS

34. Plaintiff Pond brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) and seeks certification of the following Class:

> **Pre-recorded No Consent Class:** All persons and entities throughout the United States (1) to whom Defendant placed a call, (2) directed to a number assigned to a cellular telephone service, but not assigned to a person with an account with Defendant or their authorized representative, (3) with an

7

artificial or prerecorded voice, (4) from four years prior to the filing of the complaint through the date of class certification.

35.  The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which either Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against the Defendant have been fully and finally adjudicated and/or released. Plaintiff Pond anticipates the need to amend the Class definition following appropriate discovery.

36.  **Numerosity and Typicality**: On information and belief, there are hundreds, if not thousands of members of the Class such that joinder of all members is impracticable, and Plaintiff is a member of the Class.

37.  **Commonality and Predominance**: There are many questions of law and fact common to the claims of the Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

8

(a) whether Defendant placed pre-recorded voice message calls to Plaintiff and members of the Pre-recorded No Consent Class without first obtaining consent to make the calls;

(b) whether the calls constitute a violation of the TCPA;

(c) whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

38. **Adequate Representation**: Plaintiff Pond will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in class actions. Plaintiff Pond has no interests antagonistic to those of the Class, and the Defendant has no defenses unique to Plaintiff. Plaintiff Pond and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff Pond nor his counsel have any interest adverse to the Class.

39. **Appropriateness**: This class action is also appropriate for certification because the Defendant has acted or refused to act on grounds generally applicable to the Class and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class

as wholes, not on facts or law applicable only to Plaintiff Pond. Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

### FIRST CLAIM FOR RELIEF
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Pond and the Pre-recorded No Consent Class)**

40. Plaintiff repeats and realleges the prior paragraphs of this Complaint and incorporates them by reference herein.

41. Defendant transmitted unwanted telephone calls to Plaintiff Pond and the other members of the Pre-recorded No Consent Class using a pre-recorded voice message.

42. These pre-recorded voice calls were made *en masse* without the prior express written consent of the Plaintiff and the other members of the Pre-recorded No Consent Class.

43. The Defendant has, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendant's conduct, Plaintiff and the other members of the Pre-

recorded No Consent Class are each entitled to a minimum of $500 in damages, and up to $1,500 in damages, for each violation.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Class as defined above; appointing Plaintiff as the representative of the Class; and appointing his attorneys as Class Counsel;

b) An award of actual and/or statutory damages and costs;

c) An order declaring that Defendant's actions, as set out above, violate the TCPA;

d) An injunction requiring Defendant to cease all pre-recorded calling activity that is done without proper consent, and to otherwise protect the interests of the Class; and

e) Such further and other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Pond requests a jury trial.

> TRAVIS POND, individually and on behalf of all others similarly situated,

DATED this 8th day of August, 2024.

> By: /s/ *Tristan W. Gillespie*
> Tristan W. Gillespie, Esq.
> 600 Blankenham Court
> Johns Creek, GA 30022
> Telephone: (404) 276-7277
> Email: Gillespie.tristan@gmail.com
>
> Avi R. Kaufman
> kaufman@kaufmanpa.com
> **KAUFMAN P.A.**

12

237 South Dixie Highway, Floor 4
Coral Gables, FL 33133
Telephone: (305) 469-5881

*Attorney for Plaintiff and the putative Class*